UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

SHAUN WALTON,

    Plaintiff,

    v.          CAUSE NO. 3:21-CV-169-DRL-MGG

JIMMIE LEWIS,

    Defendant.

OPINION AND ORDER

Shaun Walton, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Walton alleges that, on September 3, 2019, while getting ready to exit his cell to be escorted to outside recreation, he heard another inmate call his name. Correctional Officer Jimmie Lewis gave Mr. Walton a direct order not to go down the range to see why the inmate was calling his name. Mr. Walton disobeyed Officer Lewis's order. Officer Lewis followed Mr. Walton; and, according to Mr. Walton, when Officer Lewis reached him, he was neither resisting nor aggressive. Mr. Walton permitted Officer Lewis to gain

full control of him. Officer Lewis grabbed Mr. Walton by the handcuffs. Officer Lewis then released Mr. Walton from one of his handcuffs and began punching him in the face. Mr. Walton defended himself by punching Officer Lewis back. Mr. Walton took Officer Lewis to the ground and held him there until other officers arrived. Both Mr. Walton and Officer Lewis received medical care after the incident. Mr. Walton alleges that Officer Lewis used excessive force against him, and he seeks nominal and punitive damages. Mr. Walton was charged with attempted murder and aggravated battery for his role in this incident, in LaPorte Superior Court, under Cause No. 46D02-2008-F1-001076. According to the docket, a jury found him guilty on July 21, 2021.

The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.* However, because Mr. Walton has been convicted of an offense related to the allegations here, there is another consideration here.

> In *Heck v. Humphrey*, 512 U.S. 477, 487, 114 S.Ct. 2364, 2372–2373, 129 L.Ed.2d 383 (1994), this Court held that a state prisoner's claim for damages is not cognizable under 42 U.S.C. § 1983 if a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence, unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated.

*Edwards v. Balisok*, 520 U.S. 641, 643 (1997) (quotation marks omitted). While Mr. Walton's description of the incident suggests that the force used against him was excessive, he may only proceed here "to the extent that the facts underlying the excessive force claim are

2

not inconsistent with the essential facts supporting the conviction." *Helman v. Duhaime*, 742 F.3d 760, 762 (7th Cir. 2014) (citing *Evans v. Poskon*, 603 F.3d 362 (7th Cir. 2010)). Without more details regarding the allegations upon which his charges were based, the court cannot determine if a finding in Mr. Walton's favor here would inherently undermine the validity of his criminal conviction.

The complaint does not plausibly allege that the excessive force claim is not inconsistent with his conviction, as required by *Helman*. Though the current complaint is inadequate, Mr. Walton may file an amended complaint if he has additional facts which demonstrate that a finding in his favor here would not be inconsistent with the finding that he is guilty of the related criminal charges. *See Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form, which is available from his law library. After he properly completes that form addressing the issue raised in this order, he needs to send it to the court.

For these reasons, the court:

(1) GRANTS Shaun Walton until **September 7, 2021**, to file an amended complaint; and

(2) CAUTIONS Shaun Walton if he does not respond by the deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED.

August 5, 2021  *s/ Damon R. Leichty*
Judge, United States District Court

3